## GILMAN v. SCHOOL DISTRICT IN MEREDITH.

An amendment will not be granted, which, when made, would leave the writ defective on its face.

ASSUMPSIT, for $200, for labor and services done and performed, and materials found and provided, by the plaintiff for the defendants, in building a school house, and for $200 had and received by the defendants to the plaintiff's use.

At the August term of this court, in 1844, the plaintiff moved to amend his declaration by inserting therein a new count, in which he avers, " That said district, on the 31st day of May, A. D. 1842, by a certain writing obligatory, sealed with their seal and signed by Stephen Kenney, Samuel T. Cram and George W. Gilman, agents of said defendants, agreed with the plaintiff that he should build for them a school house of twenty-five by eighteen feet, agreeably to a plan, &c., for one hundred and seventy-five dollars; and the said Gilman thereby bound himself to build said house, on a spot selected by said district, &c., of suitable materials, in a workmanlike manner; to clapboard it, find shutters, underpin, and finish the inside ready for a stove by the 1st day of December, then next;" and the said plaintiff avers that he did perform, &c.

The defendants objected to the reception of said amendment, on the ground that the contract stated in it could not be the foundation of an action of assumpsit.

The plaintiff offered his affidavit, by which it appeared that he lost said contract at a school district meeting, prior to the commencement of the action, and saw nothing more of it till it was returned to him after the commencement of this suit by a voter in the district, who told him he found it at the school house after said meeting.

---

Gilman *v.* School District.

---

It was agreed by the parties that if, in the opinion of the court, the amendment is admissible, the same being made on such terms as the court shall direct, the case shall stand for trial.

*Stevens*, for the plaintiff.

*Bell*, for the defendant.

Woods, J. Amendments in matters of form or substance may be ordered or granted by the court, and the party's writ shall not abate for any error or mistake that such an amendment can cure. Rev. Stat., chap. 375, secs. 10, 11. For the purpose of substantial justice, therefore, and for preventing the mischief contemplated, the court will order or permit amendments to be made.

It is no part of the design of the statute to require amendments to be ordered that will not, when made, improve the pleader's case. Such is the nature of the one for which the plaintiff sues.

An action of assumpsit cannot be maintained upon a contract under seal, nor can any action upon such a contract be joined with assumpsit on a parol contract. The writ would be bad on demurrer, after the amendment moved for should be made; and the court are not called upon, either by the statute or by the discretion vested in them in such cases, to allow it to be made. 1 Chit. Pl. 94 ; 1 Saund. Pl. & Ev. 110.

*Motion to amend denied.*